1  SIGAL CHATTAH
   United States Attorney
2  District of Nevada
   Nevada Bar No. 8264
3  DAVID C. KIEBLER
   Nevada Bar No. 16724
4  Assistant United States Attorney
   501 Las Vegas Boulevard South, Suite 1100
5  Las Vegas, Nevada 89101
   (702) 388-6336
6  David.Kiebler @usdoj.gov
   *Attorneys for the United States*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| UNITED STATES OF AMERICA, | 2:24-CR-103-JAD-DJA |
|---|---|
| Plaintiff, | **Stipulation Modify the Plea Agreement as to Cesar Medina-Juarez and Order** |
| v. | |
| CESAR MEDINA-JUAREZ | |
| Defendant. | |

The United States of America and Cesar Medina-Juarez and his counsel, Joanne L. Diamond, agree as follows:

1.  The government and Cesar Medina-Juarez seek to modify the Plea Agreement (ECF No. 52) only as to the property listed for forfeiture. The Plea Agreement will remain in effect as to all other aspects of the agreement.

2.  The defendant knowingly and voluntarily:

    a.  Agrees to the district court imposing the civil judicial forfeiture or the criminal forfeiture of:

        i.   a black, privately manufactured 22-caliber pistol, no serial number;
        ii.  a Mossberg 500, 12-gauge shotgun, serial number H858806;
        iii. a black AR-15 style firearm with a silencer/suppressor, no serial number;

     iv. Raven Arms .25-caliber pistol, serial number 775452; and

     v. any and all compatible ammunition

(all of which constitutes property);

  b. Agrees to the civil judicial forfeiture and the criminal forfeiture of the property;

  c. Forfeits the property to the United States;

  d. Relinquishes all possessory rights, ownership rights, and all rights, titles, and interests in the property;

  e. Waives defendant's right to any civil judicial forfeiture proceedings and any criminal forfeiture proceedings of the property (proceedings);

  f. Waives service of process of any and all documents filed in this action and any proceedings concerning the forfeiture of the property arising from the facts and circumstances of this case;

  g. Waives any further notice to defendant, defendant's agents, or defendant's attorney regarding the forfeiture and disposition of the property;

  h. Agrees not to file any claim, answer, petition, or other documents in any proceedings concerning the property; agrees not to contest, or to assist any other person or entity to contest, the forfeiture; and agrees to withdraw immediately any claim, answer, petition, or other documents in any proceedings;

  i. Waives the statute of limitations, the CAFRA requirements, Fed. R. Crim. P. 7, 11, 32.2, and 43(a), including, but not limited to, forfeiture notice in the charging document, the court advising defendant of the forfeiture at the change of plea, the court having a forfeiture hearing, the court making factual findings regarding the forfeiture, the court announcing the forfeiture at the change of plea and sentencing, the court attaching the forfeiture order to the Judgment in a Criminal Case, and any and all constitutional, statutory, legal, equitable rights, defenses, and claims regarding the property in any proceedings, including, but not limited to, double jeopardy and due process under the Fifth Amendment to the United States Constitution;

　　　　j.　　Waives all constitutional, statutory, legal, equitable rights, defenses, and claims regarding the property in any proceedings, including, but not limited to, a jury trial under the Sixth Amendment to the United States Constitution;

　　　　k.　　Waives all constitutional, statutory, legal, equitable rights, defenses, and claims regarding the property in any proceedings, including, but not limited to, excessive fines clause and cruel and unusual punishments clause under the Eighth Amendment to the United States Constitution;

　　　　l.　　Waives any and all constitutional, statutory, legal, equitable rights, defenses, and claims to the property in any proceedings under *Honeycutt v. United States*, 581 U.S. 443 (2017); *United States v. Thompson*, 990 F.3d 680 (9th Cir. 2021); and *United States v. Prasad*, 18 F.4th 313 (9th Cir. 2021);

　　　　m.　　Agrees to the entry of an Order of Forfeiture of the property to the United States;

　　　　n.　　Waives the right to appeal any Order of Forfeiture;

　　　　o.　　Agrees the property is forfeited to the United States and can be taken into custody immediately by the USAO;

　　　　p.　　Agrees and understands the civil administrative forfeiture, the civil judicial forfeiture, and the criminal forfeiture of the property shall not be treated as satisfaction of any assessment, fine, restitution, cost of imprisonment, and any other penalty the Court may impose upon defendant in addition to the forfeiture;

　　　　q.　　Agrees and understands that on the government's motion, the court may at any time enter an order of forfeiture or amend an existing order of forfeiture to include subsequently located property or substitute property under Fed. R. Crim. P. 32.2(b)(2)(A) and (C) and 32.2(e);

　　　　r.　　Acknowledges that the amount of the forfeiture may differ from, and may be significantly greater than or less than, the amount of restitution;

　　　　s.　　Agrees to take all steps as requested by the USAO to pass clear title of any forfeitable assets to the United States and to testify truthfully in any judicial forfeiture

1 | proceedings. Defendant understands and agrees that the property represents facilitating
2 | property of illegal conduct and is forfeitable; and

3 |             t.    Admits the property is any firearm or ammunition involved in or used
4 | in any knowing violation of 18 U.S.C. § 922(g)(5)(A) and is subject to forfeiture under 18
5 | U.S.C. § 924(d)(1) with 28 U.S.C. § 2461(c).

6 |     3.    Each party acknowledges and warrants that its execution of this Stipulation is
7 | free and is voluntary.

8 |     4.    This Stipulation contains the entire agreement between the parties.

9 |     5.    Except as expressly stated in this Stipulation, no party, officer, agent,
10 | employee, representative, or attorney has made any statement or representation to any other
11 | party, person, or entity regarding any fact relied upon in entering into this Stipulation, and
12 | no party, officer, agent, employee, representative, or attorney relies on such statement or
13 | representation in executing this Stipulation.

14 |     6.    The persons signing this Stipulation warrant and represent that they have full
15 | authority to execute this Stipulation and to bind the persons and/or entities, on whose
16 | behalf they are signing, to the terms of this Stipulation.

17 |     7.    This Stipulation shall be construed and interpreted according to federal
18 | forfeiture law and federal common law. The jurisdiction and the venue for any dispute
19 | related to, and/or arising from, this Stipulation is the unofficial Southern Division of the
20 | United States District Court for the District of Nevada, located in Las Vegas, Nevada.

21 |     8.    Each party shall bear his or its own attorneys' fees, expenses, interest, and
22 | costs.

23 |     9.    This Stipulation shall not be construed more strictly against one party than
24 | against the other merely by virtue of the fact that it may have been prepared primarily by
25 | counsel for one of the parties; it being recognized that both parties have contributed
26 | substantially and materially to the preparation of this Stipulation.

27 | / / /
28 | / / /

1  IT IS HEREBY CERTIFIED, under 28 U.S.C. § 2465(a)(2), that there was
2  reasonable cause for the seizure and forfeiture of the property.

3  DATED: 4/16/2025                         DATED: 4/16/2025

4  Federal Public Defender                  SIGAL CHATTAH
                                            United States Attorney

6  _____              _____
   JOANNE DIAMOND                           DAVID KIEBLER
7  Counsel for Cesar Medina-Juarez          Assistant United States Attorney

9  DATED: 4/16/2025

11 _____
   CESAR MEDINA-JUAREZ

   IT IS SO ORDERED:

   _____
   JENNIFER A. DORSEY
   UNITED STATES DISTRICT JUDGE
   DATED: 4-16-25

5